MORROW, Presiding Judge.
 

 By indictment, appellant was. charged with transporting intoxicating liquor; also with transporting liquor containing in excess of one per cent of alcohol by volume; also with possessing liquors containing in excess of one per cent of alcohol by volume for the purpose of sale. Appellant was convicted and his punishment fixed at one year in the penitentiary.
 

 The evidence that appellant, in connection with his companion, had in his possession intoxicating liquors is sufficient, though, if -we properly comprehend the statement of facts, the quantity was less than one quart.' We fail to find any evidence that it was possessed for the purpose of sale or for delivery at any place or to any person, the only evidence on the subject being that it was for the purpose of drinking by appellant and his companion.
 

 Appellant and his companion were seen at a residence some five miles from Bastrop in possession of some liquor; but neither the kind, quantity, nor the container is described. They were after-wards seen at a restaurant in Bastrop with some whiskey, and immediately after they left the restaurant, there was found in the automobile in which they were riding, a container with one-third of a quart of whiskey in it. It is possible that from these circumstances the inference might be drawn that the jar had at some time during the evening contained a larger quantity of liquor and that it had been moved from the brick-yard, the locality of which is not given, or had been moved from the residence named to Bastrop. The evidence upon this subject, however, is wholly circumstantial and of an inconclusive nature.
 

 In the opinion of the writer, the mere possession by the appellant of less than a quart of intoxicating liquor,does not warrant his con
 
 *523
 
 viction of the offense of transporting intoxieacmg liqnor. He had the right to possess the liquor in question unless it was intended for an unlawful purpose and his handling it under the circumstances detailed in the statement of facts is not deemed sufficient to show that he was transporting it. The majority of the court, however, entertain the contrary opinion. In more detail, similar facts are discussed in the several opinions in the case of Gandy v. State, number 7579, to which reference is made.
 

 The judgment is affirmed.
 

 Affirmed.